**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-1811, 24-3099(L)

Caption [use short title]: SEC v. Ahmed

**Motion for:** Panel review of August 7, 2026 single judge order denying a temp admin stay; and for a temp admin stay of enforcement pending disposition of Motion for Stay (ECF 22.1)

Set forth below precise, complete statement of relief sought:

Appellant asks the panel to (1) review the August 7, 2026 single-judge order under Rule 27(c); (2) vacate that order; (3) pending disposition of this motion, enter an immediate interim administrative stay of enforcement of the $23,151.42 sanction, including any enforcement or contempt proceedings based on nonpayment, and (4) enter a temporary administrative stay pending disposition of Stay Motion.

**MOVING PARTY:** Relief Defendant-Appellant

**OPPOSING PARTY:** SEC; Court-Appointed Receiver

☐ Plaintiff ☐ Defendant

☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Shalini Ahmed

**OPPOSING ATTORNEY:** SEC; Court-Appointed Receiver

[name of attorney, with firm, address, phone number and e-mail]

Moving attorney:
(646) 309-8110
shalini.ahmed@me.com

Opposing attorney:
Ms. Chaudhuri US SEC, 100 F St, NE, Washington, DC 20549
(202) 551-5079; chaudhurig@sec.gov. Mr. Byrd: Zeisler & Zeisler, PC
10 Middle St, Bridgeport, CT 06604, (203) 368-4234, dbyrd@zeislaw.com

Court- Judge/ Agency appealed from: District of Connecticut

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): ____

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☒ Yes ☐ No

Has this relief been previously sought in this court? ☒ Yes ☐ No

Requested return date and explanation of emergency: Interim relief requested before August 17, 2026. Sanction is due 8/10; Appellant cannot pay. Receiver must report nonpayment by 8/17, after which further enforcement may follow. Single judge denied interim relief Aug 7. Panel review sought under FRAP 27(c); Stay motion (ECF 22.1) pending. Rule 27(c) motion may proceed in ordinary course.

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date: ____

**Signature of Moving Attorney:** [signature]

**Date:** August 10, 2026

Service : ☒ Electronic ☐ Other [Attach proof of service]

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

No. 24-3099 (L), 24-3124, 24-3188, 24-3224, 25-790,
25-1410, 26-649, 26-1300, 26-1304, 26-1354, 26-1811

---

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee,*

STEPHEN KINDSETH,
*Receiver-Appellee*

v.

SHALINI AHMED
*Relief Defendant-Appellant,*

IFTIKAR A. AHMED, I.I.1, A MINOR CHILD, BY AND THROUGH HIS NEXT FRIENDS IFTIKAR AND SHALINI AHMED, HIS PARENTS, I.I.2, A MINOR CHILD, BY AND THROUGH HIS NEXT FRIENDS IFTIKAR AND SHALINI AHMED, HIS PARENTS, I.I.3, A MINOR CHILD, BY AND THROUGH HIS NEXT FRIENDS IFTIKAR AND SHALINI AHMED, HIS PARENTS, I-CUBED DOMAINS, LLC, SHALINI AHMED 2014 GRANTOR RETAINED ANNUITY TRUST, DIYA HOLDINGS, LLC, DIYA REAL HOLDINGS, LLC,
*Defendant and Relief Defendants*

---

# EMERGENCY MOTION FOR PANEL REVIEW OF SINGLE-JUDGE ORDER DENYING TEMPORARY ADMINISTRATIVE STAY OF ENFORCEMENT OF CONTEMPT SANCTION

**INTERIM RELIEF REQUESTED BY AUGUST 17, 2026**

---

Relief Defendant-Appellant Shalini Ahmed respectfully moves on an emergency basis under Federal Rule of Appellate Procedure 27(c) and Second Circuit Local Rule 27.1(d) for panel review of the August 7, 2026 single-judge order denying her motion for a temporary administrative stay of enforcement of the $23,151.42 contempt sanction pending disposition of her Motion for Stay Pending Appeal. Ex. A. Rule 27(c) expressly provides that "[t]he court may review the action of a single judge." The SEC opposes and the Receiver has not responded.

This motion presents a narrow procedural question: whether the Court should temporarily prevent further enforcement consequences while it decides the pending underlying Rule 8 motion. The August 7 order denied only interim relief; it did not resolve the underlying stay motion. Ex. A. An administrative stay serves a distinct function from a stay pending appeal: it "buys the court time to deliberate" where the traditional stay factors are "not always easy to evaluate in haste." *United States v. Texas*, 144 S. Ct. 797, 798–99 (2024) (Barrett, J., concurring).

Ms. Ahmed files this motion on August 10, the payment deadline itself. ***She cannot make the $23,151.42 payment***. Her objective financial records show a bank balance of $696.64, approximately $22,811

in credit-card debt, less than $800 in available credit, and low income. *See* Ex. B (bank, credit-card, and tax records); *see also* ECF 22.1 at 24 & Exs. 4–5. Nonpayment therefore is unavoidable. The District Court has directed the Receiver to report nonpayment by August 17, after which further enforcement or contempt proceedings may follow.

The requested relief is correspondingly limited. Ms. Ahmed does not ask the panel through this motion to decide the merits of the pending Rule 8 motion, vacate the contempt finding, eliminate the sanction, or grant a stay for the duration of Appeal No. 26-1811. She asks only that the panel review the August 7 order and temporarily stay further enforcement or contempt proceedings based on nonpayment until the Court decides the pending Motion for Stay Pending Appeal. If the Receiver has not yet filed the August 17 report when the Court acts, Ms. Ahmed asks that the temporary stay encompass that reporting requirement as well.

## STATEMENT OF EMERGENCY

Pursuant to Second Circuit Local Rule 27.1(d), Ms. Ahmed states that the $23,151.42 sanction is due on August 10, 2026, and she lacks the present financial capacity to make that payment. Nonpayment therefore

is unavoidable. The District Court has directed the Receiver to report nonpayment by August 17, 2026, after which further enforcement or contempt proceedings may follow.

**Ms. Ahmed respectfully requests an immediate interim administrative stay, and in all events requests that such interim relief be entered before the August 17, 2026 reporting date.**

She does not ask the Court to decide this Rule 27(c) motion by that date; apart from the requested interim relief, the motion may proceed under the ordinary motion schedule. Ms. Ahmed has given advance notice to the Clerk and to counsel for the SEC and the Receiver of her intent to file this emergency motion.

## BACKGROUND

### I. The Contempt Sanction and Stay Motion.

On May 4, 2026, the District Court found Ms. Ahmed in contempt and authorized a sanction. On July 10, 2026, the District Court fixed the sanction at $23,151.42, denied Ms. Ahmed's request for a stay, required payment by August 10, 2026, and directed the Receiver to report any nonpayment by August 17, 2026. See ECF 22.1, Exs. 1–2.

Ms. Ahmed appealed the contempt ruling, denial of reconsideration, and resulting sanction. That appeal is docketed as Appeal No. 26-1811.

On July 27, 2026, Ms. Ahmed moved under Federal Rule of Appellate Procedure 8(a)(2) to stay enforcement pending appeal. ECF 22.1. The motion presents serious questions concerning, among other things, the clarity of the orders underlying the contempt finding, whether noncompliance was established clearly and convincingly, diligent attempted compliance, and whether the sanction satisfies *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017). It also demonstrates Ms. Ahmed's present inability to pay.

The Rule 8 motion remains pending.

## II. The Temporary Administrative-Stay Motion and Single-Judge Order.

Also on July 27, Ms. Ahmed moved for a temporary administrative stay pending disposition of the Rule 8 motion. ECF 23.1.

The motion sought only temporary relief. It asked that the $23,151.42 payment obligation, August 10 payment deadline, August 17 reporting requirement, and nonpayment-based enforcement proceedings be held in abeyance until the Court adjudicates the underlying stay motion. *Id.*

Ms. Ahmed explained that ordinary briefing and consideration of the Rule 8 motion would extend beyond the August 10 payment deadline and that she lacks the financial capacity to make the required payment. Thus, without temporary relief, nonpayment would occur before the Court could determine whether enforcement should be stayed. *Id.*

On August 7, 2026, a single Circuit Judge denied the temporary administrative-stay motion. Ex. A. The underlying Rule 8 motion remains pending.

## GOVERNING STANDARD

A single circuit judge "may act alone on any motion," but "[t]he court may review the action of a single judge." Fed. R. App. P. 27(c).

An administrative stay is temporary procedural relief that preserves the status quo and reflects no view of the merits; it should last only long enough for the court to consider the underlying stay motion. *United States v. Texas*, 144 S. Ct. at 798–99 (Barrett, J., concurring). The underlying stay factors are likelihood of success, irreparable injury, harm to others, and the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## ARGUMENT

### I. Temporary relief is necessary to preserve meaningful ordinary-course consideration of the pending Rule 8 motion.

The purpose of the temporary administrative stay is limited: to prevent further enforcement based on nonpayment before the Court decides whether enforcement should be stayed.

The District Court established two operative dates. Payment is due August 10. If payment is not made, the Receiver must report that nonpayment by August 17.

***Ms. Ahmed cannot make the payment***. Her objective records show a bank balance of $696.64, approximately $22,811 in credit-card debt, less than $800 in available credit, and low income. *See* Ex. B (bank, credit-card, and tax records); *see also* ECF 22.1 at 24 & Exs. 4–5. Nonpayment therefore is not hypothetical. Absent temporary relief, it is the unavoidable consequence of expiration of the August 10 deadline.

That matters because the pending Rule 8 motion asks this Court to determine whether enforcement of this very sanction should be suspended pending appeal. The passage of the payment deadline does not eliminate the need for interim relief because further enforcement

consequences remain prospective. Temporary relief can prevent nonpayment from producing additional enforcement while the Court considers whether enforcement should be stayed pending appeal.

Because ordinary consideration of this Rule 27(c) motion is likely to extend beyond the August 17 reporting date, interim relief is necessary to prevent further enforcement consequences while the panel considers the motion in the ordinary course.

## II. The requested administrative stay is distinct from, and does not prejudge, the underlying Rule 8 motion.

Ms. Ahmed does not ask the panel in this motion to decide whether she ultimately satisfies every requirement for a stay pending appeal.

That question is presented in the underlying motion for stay (No. 26-1811, ECF 22.1) and the parties' briefing on that motion. Ms. Ahmed will file her reply addressing the SEC's and Receiver's oppositions. The Court can determine that motion in the ordinary course.

The narrower question here is whether enforcement should remain temporarily suspended while that consideration occurs.

The present request is limited while the merits dispute is addressed in the Rule 8 briefing. The purpose of administrative relief is to permit

the Court to resolve that dispute without further enforcement consequences accruing in the interim.

Administrative stays serve precisely that interim function. They temporarily suspend further proceedings while a court considers a stay request without requiring an immediate merits determination. As Justice Barrett explained, an administrative stay "buys the court time to deliberate" because the traditional stay factors are "not always easy to evaluate in haste." *United States v. Texas*, 144 S. Ct. 797, 798–99 (2024) (Barrett, J., concurring).

This Court has already employed that procedure in these consolidated appeals. On April 9, 2026, a single judge granted an administrative stay of distribution "pending review by a three-Judge panel" and referred the underlying motion to the panel. *See* Appeal No. 24-3099(L), ECF 72.1. That prior order does not control the present motion, but it illustrates the procedural function of administrative relief: preserving matters while a panel considers a pending stay request.

The same procedural need exists here.

### III. The balance during this limited interim period strongly favors preservation.

Temporary preservation imposes minimal prejudice on the Receiver or Estate. The Receiver and his counsel have already been paid the fees underlying the sanction. The sanction therefore seeks reimbursement to the Estate, not payment needed to compensate counsel who remains unpaid. ECF 22.1.

By contrast, without temporary relief, Ms. Ahmed will necessarily fail to meet the August 10 deadline because she lacks the present financial capacity to pay. That nonpayment triggers the August 17 reporting requirement and exposes Ms. Ahmed to additional enforcement or contempt proceedings while the Rule 8 motion remains pending.

The Estate holds more than $82 million in liquid assets. ECF 22.1, Ex. 5. Temporarily delaying reimbursement of $23,151.42 until the Court decides the pending stay motion does not threaten Estate operations or restitution.

The balance therefore is not between immediate payment and speculative future harm. It is between briefly delaying reimbursement to a liquid receivership estate and allowing an unavoidable default to

generate further enforcement proceedings before this Court decides whether enforcement should be stayed.

## IV. Panel review remains meaningful after the payment and reporting dates because further enforcement remains prospective.

The passage of the August 10 payment deadline – and, if it occurs before the panel acts, the August 17 reporting date – does not eliminate the need for interim relief. The pending Rule 8 motion seeks a stay not only of the payment obligation but also of "any collection, enforcement, or further contempt proceedings based on nonpayment." ECF 22.1. Further enforcement consequences remain prospective until the Rule 8 motion is decided.

Ms. Ahmed files this Rule 27(c) motion on the payment deadline itself, only three days after the single-judge denial. She therefore could not obtain panel review before August 10 through ordinary motion practice. Nor can this motion reasonably be expected to be fully briefed and decided before August 17. If the passage of those dates alone eliminated interim relief, the single-judge denial would effectively determine the practical consequences of nonpayment before the panel could exercise the review expressly authorized by Rule 27(c).

The panel can still provide meaningful relief by temporarily staying any further enforcement or contempt proceedings based on nonpayment until the underlying Rule 8 motion is decided. If the Receiver has not yet filed the August 17 report when the Court acts, that reporting requirement may likewise be stayed. If the report has already been filed, the requested relief remains concrete because the further enforcement consequences of nonpayment remain prospective.

## RELIEF REQUESTED

Ms. Ahmed respectfully requests that this Court:

1. grant panel review of the August 7, 2026 single-judge order under Federal Rule of Appellate Procedure 27(c), Ex. A;

2. vacate that order; and

3. pending disposition of this motion, enter an immediate interim administrative stay of enforcement of the $23,151.42 payment obligation, including any enforcement or further contempt proceedings based on nonpayment and, if the Receiver has not yet filed the District Court-ordered nonpayment report, stay that reporting requirement as well; and

4. upon panel review, enter a temporary administrative stay, pending disposition of Ms. Ahmed's Motion for Stay Pending Appeal, ECF 22.1, of enforcement of the $23,151.42 payment obligation, including any enforcement or further contempt proceedings based on nonpayment.

## CONCLUSION

For the foregoing reasons, the Court should grant this emergency motion, enter immediate interim relief pending disposition of the motion, review and vacate the August 7, 2026 single-judge order, and enter the narrowly limited temporary administrative stay requested above pending disposition of Ms. Ahmed's Motion for Stay Pending Appeal.

Dated: August 10, 2026

Respectfully Submitted,

By: *__/s/ Shalini Ahmed__*

Shalini Ahmed
Tel: 646-309-8110
Email: shalini.ahmed@me.com
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, this document was filed with the Court through its ACMS system, thus effectuating service on all registered ACMS users.

/s/ Shalini Ahmed
Shalini Ahmed

## CERTIFICATE OF COMPLIANCE

This document complies with Fed. R. App. P. 27(d)(2) because it contains 2,018 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word, Century Schoolbook 14-point.

Dated: August 10, 2026

By: *_/s/ Shalini Ahmed*
Shalini Ahmed

# Exhibit A

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand twenty-six.

Before: Alison J. Nathan,
*Circuit Judge*.

---

United States Securities & Exchange Commission,

Plaintiff - Appellee,

v.

Shalini Ahmed, -, Iftikar A. Ahmed, -, I-Cubed Domains, LLC, DIYA Holdings LLC, DIYA Real Holdings, LLC, I. I. 1, A minor child, by and through his next friends Iftikar and Shalini Ahmed, his parents, I. I. 2, A minor child, by and through his next friends Iftikar and Shalini Ahmed, his parents, I. I. 3, A minor child, by and through his next friends Iftikar and Shalini Ahmed, his parents, Shalini Ahmed 2014 Grantor Retained Annunity Trust,

Defendants - Appellants,

Daniel G Johnson, in his capacity as trustee of the Iftikar A. Ahmed Family Trust and custodian of the UTMA accounts for the benefit of the three minor children of Iftikar A. Ahmed and Shalini A. Ahmed.,

Movant - Appellant,

---------------------------------------------

Stephen M. Kindseth,

Receiver - Appellee.

---

**ORDER**

Docket Nos. 24-3099 (L), 24-3124 (Con), 24-3188 (Con), 24-3224 (Con), 25-790 (Con), 25-1410 (Con), 26-649 (Con), 26-1300 (Con), 26-1304 (Con), 26-1354 (Con), 26-1811 (Con)

Appellant Shalini Ahmed, pro se, seeks a temporary administrative stay of enforcement of the monetary sanction authorized by the District Court's May 4, 2026 order and fixed by its July 10, 2026 order, pending this Court's decision on her motion for a stay pending appeal.

IT IS HEREBY ORDERED that the motion for a temporary administrative stay is DENIED.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

# Exhibit B

Case: 24-3099, 08/10/2026, DktEntry: 144.1, (21 of 25)

FDIC FDIC-Insured - Backed by the full faith and credit of the U.S. Government

M&T Bank

Messages (9) Log Out >

Accounts Payments and Transfers Services Settings and Support

Welcome back SHALINI

# Account Summary

My Services

My Messages 9

Change My View: Tiles

Add Shortcut

Schedule a Transfer

Send Money with Zelle®

Pay a Bill

Apply for a Loan

Apply for a Credit Card

## CHECKING, SAVINGS, AND CDS

| | Total Balance | Available Balance |
|---|---|---|
| EZChoice Checking (1722)<br>View Statements and Notices | $696.64 | $696.64 |
| Relationship Savings (0719)<br>View Statements and Notices | $0.00 | $0.00 |
| **Total** | **$696.64** | **$696.64** |

## CREDIT CARDS AND LINES OF CREDIT

- Apply for a Credit Card Apply for a Loan

## LOANS

- Apply for a Loan

We're Listening

**Tell Us What You Think**

Your feedback helps us build a better online banking experience. Care to share your thoughts?

Click to Help >

I Want to...

Get a Tour of Online Banking
Update My Profile
Customize My Card

Privacy Notice Security Assurance Digital Services Agreement ESign Agreement Accessibility Site Map mtb.com

MEMBER FDIC Equal Housing Lender NMLS#381076

©2026 M&T Bank. All Rights Reserved.

Help ^

CHASE

Printed from Chase Personal Online

## Credit cards

**Prime Visa (...5661) >** Pay card More

✓ You don't have a minimum payment due right now.

# $13,314.36

Current balance

Details




| | | | |
|---|---|---|---|
| May 16, 2026 | $0.00 | $10,676.72 | $357.45 |
| Payment due date | Minimum payment due | Remaining statement balance | Available credit |

**Freedom (...7477) >** Pay card More

✓ You don't have a minimum payment due right now.

# $9,497.38

Current balance

Details




| | | | |
|---|---|---|---|
| Jun 2, 2026 | $0.00 | $9,086.94 | $439.18 |
| Payment due date | Minimum payment due | Remaining statement balance | Available credit |

5% cash back (Apr-Jun) | Activate >

## External accounts

Link your external accounts to better organize your money, budget and plan for the future.

Link account

Form **8879** (Rev. January 2021) Department of the Treasury Internal Revenue Service

# IRS e-file Signature Authorization

▶ ERO must obtain and retain completed Form 8879.
▶ Go to www.irs.gov/Form8879 for the latest information.

OMB No. 1545-0074

Submission Identification Number (SID) ▶

| Taxpayer's name | Social security number |
|---|---|
| SHALINI A. AHMED | [redacted] |
| Spouse's name | Spouse's social security number |

**Part I — Tax Return Information - Tax Year Ending December 31,** 2024 (Enter year you are authorizing.)

Enter whole dollars only on lines 1 through 5.

**Note:** Form 1040-SS filers use line 4 only. Leave lines 1, 2, 3, and 5 blank.

| | | Line | Amount |
|---|---|---|---|
| 1 | Adjusted gross income | 1 | 15,431. |
| 2 | Total tax | 2 | 508. |
| 3 | Federal income tax withheld from Form(s) W-2 and Form(s) 1099 | 3 | 150. |
| 4 | Amount you want refunded to you | 4 | 0. |
| 5 | Amount you owe | 5 | |

**Part II — Taxpayer Declaration and Signature Authorization (Be sure you get and keep a copy of your return)**

Under penalties of perjury, I declare that I have examined a copy of the income tax return (original or amended) I am now authorizing, and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts from the income tax return (original or amended) I am now authorizing. I consent to allow my intermediate service provider, transmitter, or electronic return originator (ERO) to send my return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission, (b) the reason for any delay in processing the return or refund, and (c) the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an ACH electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of my federal taxes owed on this return and/or a payment of estimated tax, and the financial institution to debit the entry to this account. This authorization is to remain in full force and effect until I notify the U.S. Treasury Financial Agent to terminate the authorization. To revoke (cancel) a payment, I must contact the U.S. Treasury Financial Agent at **1-888-353-4537**. Payment cancellation requests must be received no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I further acknowledge that the personal identification number (PIN) below is my signature for the income tax return (original or amended) I am now authorizing and, if applicable, my Electronic Funds Withdrawal Consent.

**Taxpayer's PIN: check one box only**

[X] I authorize REARDON AND COMPANY LLP (**ERO firm name**) to enter or generate my PIN [redacted] (**Enter five digits, but don't enter all zeros**) as my signature on the income tax return (original or amended) I am now authorizing.

[ ] I will enter my PIN as my signature on the income tax return (original or amended) I am now authorizing. Check this box **only** if you are entering your own PIN **and** your return is filed using the Practitioner PIN method. The ERO must complete Part III below.

Your signature ▶ Date ▶ 10/14/2025

**Spouse's PIN: check one box only**

[ ] I authorize ______ (**ERO firm name**) to enter or generate my PIN ☐☐☐☐☐ (**Enter five digits, but don't enter all zeros**) as my signature on the income tax return (original or amended) I am now authorizing.

[ ] I will enter my PIN as my signature on the income tax return (original or amended) I am now authorizing. Check this box **only** if you are entering your own PIN **and** your return is filed using the Practitioner PIN method. The ERO must complete Part III below.

Spouse's signature ▶ Date ▶

**Practitioner PIN Method Returns Only - continue below**

**Part III — Certification and Authentication - Practitioner PIN Method Only**

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN. [redacted]

**Don't enter all zeros**

I certify that the above numeric entry is my PIN, which is my signature for the electronic individual income tax return (original or amended) I am now authorized to file for tax year indicated above for the taxpayer(s) indicated above. I confirm that I am submitting this return in accordance with the requirements of the Practitioner PIN method and **Pub. 1345**, Handbook for Authorized IRS *e-file* Providers of Individual Income Tax Returns.

ERO's signature ▶ Date ▶ 10/14/2025

419995 04-01-24

**ERO Must Retain This Form - See Instructions**
**Don't Submit This Form to the IRS Unless Requested To Do So**

Form **1040** Department of the Treasury - Internal Revenue Service
**U.S. Individual Income Tax Return** **2024** OMB No. 1545-0074 IRS Use Only - Do not write or staple in this space.

For the year Jan. 1 - Dec. 31, 2024, or other tax year beginning , ending See separate instructions.

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| SHALINI A. | AHMED | [redacted] |
| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
| | | |

| Home address (number and street). If you have a P.O. box, see instructions. | | Apt. no. |
|---|---|---|
| P. O. BOX 5146 | | |
| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code |
| GREENWICH | CT | 06830 |
| Foreign country name | Foreign province/state/county | Foreign postal code |

Presidential Election Campaign
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

**Filing Status** Check only one box.
☐ Single
☐ Married filing jointly (even if only one had income)
☐ Married filing separately (MFS)
☒ Head of household (HOH)
☐ Qualifying surviving spouse (QSS)
If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent:
☐ If treating a nonresident alien or dual-status alien spouse as a U.S. resident for the entire tax year, check the box and enter their name (see instructions and attach statement if required):

**Digital Assets** At any time during 2024, did you: (a) receive (as a reward, award, or payment for property or services); or (b) sell, exchange, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? (See instructions.) ☐ Yes ☒ No

**Standard Deduction** Someone can claim: ☐ You as a dependent ☐ Your spouse as a dependent
☐ Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness** You: ☐ Were born before January 2, 1960 ☐ Are blind Spouse: ☐ Was born before January 2, 1960 ☐ Is blind

**Dependents** (see instructions): (2) Social security number (3) Relationship to you (4) Check the box if qualifies for (see instr.):

[redacted]

**Income**

**Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.**

If you did not get a Form W-2, see instructions.

| Line | Description | | Line no. | Amount |
|---|---|---|---|---|
| 1a | Total amount from Form(s) W-2, box 1 (see instructions) | STMT 2 | 1a | 37,089. |
| b | Household employee wages not reported on Form(s) W-2 | | 1b | |
| c | Tip income not reported on line 1a (see instructions) | | 1c | |
| d | Medicaid waiver payments not reported on Form(s) W-2 (see instructions) | | 1d | |
| e | Taxable dependent care benefits from Form 2441, line 26 | | 1e | |
| f | Employer-provided adoption benefits from Form 8839, line 29 | | 1f | |
| g | Wages from Form 8919, line 6 | | 1g | |
| h | Other earned income (see instructions) | | 1h | |
| i | Nontaxable combat pay election (see instructions) | 1i | | |
| z | Add lines 1a through 1h | | 1z | 37,089. |

Attach Sch. B if required.

| Line | Description | Box | Amount | Line | Description | Line no. | Amount |
|---|---|---|---|---|---|---|---|
| 2a | Tax-exempt interest | 2a | | b | Taxable interest | 2b | |
| 3a | Qualified dividends | 3a | | b | Ordinary dividends | 3b | |
| 4a | IRA distributions | 4a | | b | Taxable amount | 4b | |
| 5a | Pensions and annuities | 5a | | b | Taxable amount | 5b | |
| 6a | Social security benefits | 6a | | b | Taxable amount | 6b | |

**Standard Deduction for -**
- Single or Married filing separately, $14,600
- Married filing jointly or Qualifying surviving spouse, $29,200
- Head of household, $21,900
- If you checked any box under Standard Deduction, see instructions.

| Line | Description | Line no. | Amount |
|---|---|---|---|
| c | If you elect to use the lump-sum election method, check here (see instructions) ☐ | | |
| 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ☐ | 7 | |
| 8 | Additional income from Schedule 1, line 10 | 8 | -21,404. |
| 9 | Add lines 1z, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** | 9 | 15,685. |
| 10 | Adjustments to income from Schedule 1, line 26 | 10 | 254. |
| 11 | Subtract line 10 from line 9. This is your **adjusted gross income** | 11 | 15,431. |
| 12 | **Standard deduction or itemized deductions** (from Schedule A) | 12 | 21,900. |
| 13 | Qualified business income deduction from Form 8995 or Form 8995-A | 13 | |
| 14 | Add lines 12 and 13 | 14 | 21,900. |
| 15 | Subtract line 14 from line 11. If zero or less, enter -0-. This is your **taxable income** | 15 | 0. |

**For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.** Form 1040 (2024)

LHA 413921 12-30-24



[redacted] 2024.04030 AHMED, SHALINI AHMED__1

Form 1040 (2024) SHALINI A. AHMED [redacted] Page 2

| Section | Line | Description | | Amount | Line | Amount |
|---|---|---|---|---|---|---|
| **Tax and Credits** | 16 | Tax (see instructions). Check if any from Form(s): 1 ☐ 8814 2 ☐ 4972 3 ☐ | | | 16 | 0. |
| | 17 | Amount from Schedule 2, line 3 | | | 17 | |
| | 18 | Add lines 16 and 17 | | | 18 | 0. |
| | 19 | Child tax credit or credit for other dependents from Schedule 8812 | | | 19 | |
| | 20 | Amount from Schedule 3, line 8 | | | 20 | |
| | 21 | Add lines 19 and 20 | | | 21 | |
| | 22 | Subtract line 21 from line 18. If zero or less, enter -0- | | | 22 | 0. |
| | 23 | Other taxes, including self-employment tax, from Schedule 2, line 21 | | | 23 | 508. |
| | 24 | Add lines 22 and 23. This is your **total tax** | | | 24 | 508. |
| **Payments** | 25 | Federal income tax withheld from: | | | | |
| | a | Form(s) W-2 SEE STATEMENT 3 | 25a | 150. | | |
| | b | Form(s) 1099 | 25b | | | |
| | c | Other forms (see instructions) | 25c | | | |
| | d | Add lines 25a through 25c | | | 25d | 150. |
| If you have a qualifying child, attach Sch. EIC. | 26 | 2024 estimated tax payments and amount applied from 2023 return | | | 26 | |
| | 27 | Earned income credit (EIC) | 27 | 4,101. | | |
| | 28 | Additional child tax credit from Schedule 8812 | 28 | 3,400. | | |
| | 29 | American opportunity credit from Form 8863, line 8 | 29 | | | |
| | 30 | Reserved for future use | 30 | | | |
| | 31 | Amount from Schedule 3, line 15 | 31 | | | |
| | 32 | Add lines 27, 28, 29, and 31. These are your **total other payments and refundable credits** | | | 32 | 7,501. |
| | 33 | Add lines 25d, 26, and 32. These are your **total payments** | | | 33 | 7,651. |
| **Refund** | 34 | If line 33 is more than line 24, subtract line 24 from line 33. This is the amount you **overpaid** | | | 34 | 7,143. |
| | 35a | Amount of line 34 you want **refunded to you.** If Form 8888 is attached, check here ☐ | | | 35a | |
| Direct deposit? See instructions. | b | Routing number ______ c Type: ☐ Checking ☐ Savings | | | | |
| | d | Account number | | | | |
| | 36 | Amount of line 34 you want **applied to your 2025 estimated tax** | 36 | 7,143. | | |
| **Amount You Owe** | 37 | Subtract line 33 from line 24. This is the **amount you owe.** For details on how to pay, go to *www.irs.gov/Payments* or see instructions | | | 37 | |
| | 38 | Estimated tax penalty (see instructions) | 38 | | | |

**Third Party Designee** Do you want to allow another person to discuss this return with the IRS? See instructions ☒ **Yes.** Complete below. ☐ No

Designee's name ANDREW J. REARDON C.P.A. Phone no. 6176860584 Personal identification number (PIN) 12345

**Sign Here** Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature | Date | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.)

Joint return? See instructions. Keep a copy for your records.

Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.)

Phone no. | Email address

**Paid Preparer Use Only**

Preparer's name ANDREW J. REARDON C.P.A. | Preparer's signature | Date 10/14/25 | PTIN [redacted] | Check if: ☐ Self-employed

Firm's name REARDON AND COMPANY LLP | Phone no. 617-472-9434

Firm's address 111 WILLARD STREET QUINCY, MA 02169 | Firm's EIN * [redacted]

Go to *www.irs.gov/Form1040* for instructions and the latest information. Form **1040** (2024)

413922 12-08-24